IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| JULIE W. BRINSON, Individually as a Surviving Spouse of JUDSON BYRON BRINSON, Deseased; and JULIE W. BRINSON, as Executrix and Personal Representative of the Estate of JUDSON BYRON BRINSON, deceased, | : : : : : : : | |
| Plaintiffs, | : : | Civil Action No. |
| v. | : : | 6:06-cv-21 (HL) |
| RAYTHEON AIRCRAFT COMPANY, MARTIN BAKER AIRCRAFT COMPANY, LTD., AEROMACH LABS, INC., L-3 VERTEX AEROSPACE, LLC, and ROLLER BEARING COMPANY OF AMERICA, INC., | : : : : : : : : | |
| Defendants. | : | |

**ORDER**

Plaintiff and Defendant Martin Baker Aircraft Company, Ltd., ("Martin Baker") have jointly moved the Court for an order temporarily dismissing Plaintiff's claims against Martin Baker without prejudice (Doc. 110). According to the Motion, the parties have agreed to the following terms concerning the dismissal of Defendant Martin Baker: (1) Plaintiff may renew her claims against Martin Baker if discovery uncovers facts that provide a viable theory of liability; (2) Plaintiff's right to renew expires on March 26, 2007;[1] (3) should Plaintiff renew

---

[1] Pursuant to the Scheduling/Discovery Order entered September 14, 2007, the time for

her claims, the parties agree to additional discovery. Plaintiff and Defendant Martin Baker now seek an Order from the Court dismissing Defendant Martin Baker in accordance with the terms listed above.

Although no procedural vehicle is identified in the Motion, it appears the parties are proceeding under Rule 41 of the Federal Rules of Civil Procedure. The relevant portion of the rule reads as follows: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "[T]he decision whether or not to grant [a voluntary] dismissal is within the sound discretion of the district court . . .." Fisher v. Puerto Rico Marine Management, Inc., 940 F.2d 1502, 1503 (11th Cir. 1991) (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)).[2] Nevertheless, "in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." Id. (citing Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967).

Here, the Court is concerned about the delay and possible prejudice that would result if Plaintiff chooses to renew her claims against Martin Baker after the bulk of discovery is completed. A second round of discovery would clearly be necessary to allow Defendant

---

discovery expires on March 26, 2007.

[2] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Martin Baker to participate in the process. This repeat discovery would most certainly lead to additional cost and delay. This is particularly troubling in this case as multiple defendants are involved. Accordingly, the Motion to Dismiss Martin Baker Aircraft Company, Ltd., filed by Plaintiff and Defendant Martin Baker is denied.

        **SO ORDERED**, this the 19th day of October, 2006.

        /s/ Hugh Lawson
        **HUGH LAWSON, Judge**

scs